UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

Jeremiah Cummings

                               Plaintiff(s),

-v-

Soul Train Holdings, LLC et al.

                              Defendant(s).

------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/3/2014

14 Civ. 00036 (LGS)

FIRST AMENDED
<u>CIVIL CASE
MANAGEMENT PLAN
AND SCHEDULING
ORDER</u>

LORNA G. SCHOFIELD, United States District Judge:

      This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent ☐ / do not consent ✔] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [If all parties consent, the remaining paragraphs need not be completed.]

2. Settlement discussions [have ☐ / have not ✔] taken place.

3. The parties [have ☐ / have not ✔] conferred pursuant to Fed. R. Civ. P. 26(f).

4. Alternative Dispute Resolution/Settlement

    a.    Counsel for the parties have discussed an informal exchange of information in aid of early settlement of this case and have agreed upon the following:
           A settlement proposal has been communicated to counsel for the Defendants for review and response.

    b.    Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:
           The parties are amenable to a settlement conference before a Magistrate judge.

    c.    Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(b) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

        At any time after filing of Defendants' answer or pre-trial motion.
        _____
        _____

    d.    The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

5.    No additional parties may be joined after ~~07/15/2014~~ May 15, 2014 without leave of Court.

6.    Amended pleadings may be filed without leave of Court until 07/15/2014.

7.    Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of this Order. [Absent exceptional circumstances, within 14 days of the parties' conference pursuant to Rule 26(f).]

8.    Fact Discovery

    a.    All fact discovery shall be completed no later than ~~11/14/2014~~ ~~July 15, 2014~~ 12/3/2014. [A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]

    b.    Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by 05/15/2014.

    c.    Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by 05/15/2014.

    d.    Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by ~~08/15/2014~~.

    e.    Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by ~~09/15/2014~~.

    f.    Any of the deadlines in paragraphs 8(b) through 8(e) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).

9.  Expert Discovery

    a.  Anticipated types of experts, if any:
        Experts on standard royalty rates applicable to the sales of recorded music or videos.

    b.  All expert discovery shall be completed no later than ~~01/26/2015~~ 1/16/2015 ~~August 31, 2014~~. [Absent exceptional circumstances, a date forty-five (45) days from the date in paragraph 8(a) (*e.g.*, the completion of all fact discovery). <u>Omit</u> unless types of experts are identified.]

    c.  No later than 30 days prior to the date in paragraph 8(a) (*i.e.*, the completion of all fact discovery), the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(a).

10. All counsel must confer to discuss settlement within 14 days following the close of fact discovery.

11. Motions for summary judgment, if any, shall be filed no later than ~~12/29/2014~~ 2/16/2015 ~~September 30, 2014~~. [Absent exceptional circumstances, 30 days after discovery closes.] Pursuant to the authority of Fed. R. Civ. P. 16(c)(2) and the Court's Individual Rule III.A.1, any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within one week after the close of discovery.

12. The joint pretrial order shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 30 days from the Court's decision on such motion. The filing of the joint pretrial order and additional submissions shall be governed by Fed. R. Civ. P. 26(a)(3) and the schedule set forth in the Court's Individual Rule IV.B.

13. This case [is __✔__ / is not ____] to be tried to a jury.

14. Counsel for the parties have conferred and their present best estimate of the length of trial is four (4) days.

15. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below.
    To the extent practicable, discovery of electronically stored information should be made available in searchable PDF or .tiff files, spreadsheet or hard copy form.

3

Counsel for the Parties:

s/Kisshia Simmons                                    s/Kimo Peluso
_____          _____

Kisshia Simmons (for Plaintiff)                  Kimo Peluso (for Defendants)
_____          _____


_____          _____


_____          _____


This Order may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as provided in paragraph 8(f)) shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

The next Case Management Conference is scheduled for ~~September 15, 2014~~ 2/4/2015 at __10:30 a.m__. [Ordinarily 14 days after the close of discovery.]

The parties shall submit joint status letters on April 30, 2014 and June 3, 2014.

SO ORDERED.

Dated: __March 3, 2014__
       New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

NO FURTHER EXTENSIONS. The Clerk of the Court is respectfully directed to enter in the docket the dates in Paragraphs 8a, 9b and 11, and the February 4, 2015, conference date.
Dated: November 3, 2014
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE