

Hughes Hubbard & Reed LLP
350 South Grand Avenue
Los Angeles, California 90071-3442
Telephone: 213-613-2800
Fax: 213-613-2950
hugheshubbard.com

Rita M. Haeusler
Direct Dial: 213-613-2896
haeusler@hugheshubbard.com

December 3, 2014

**VIA ECF**

Hon. Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:   *Cummings v. Soul Train Holding, LLC, et al.,* 14-cv-0036 (LGS)
             Objection to Plaintiff's Request for Filing Date Correction

Dear Judge Schofield:

      We write on behalf of Defendants in response to Plaintiff Jeremiah Cummings' counsel's November 27, 2014 letter requesting that the January 6, 2014 filed date of Plaintiff's Original Complaint in this action be retroactively changed to December 31, 2013. Defendants respectfully object to this request because Plaintiff's letter confirms that the Original Complaint was **not** delivered to the Clerk of the Southern District of New York (the "Clerk") on December 31, 2013, and therefore cannot be deemed filed as of that date.

      Federal Rule of Civil Procedure 3 states that "[a] civil action is commenced by filing a complaint with the court," and Rule 5(d)(2) states that "[a] paper is filed by delivering it . . . to the clerk; or . . . to a judge who agrees to accept it for filing, and who must then note the filing date on the paper and promptly send it to the clerk." Fed. R. Civ. P. 3, 5(d)(2).

      Within the Second Circuit, the date of filing occurs when the papers are delivered "into the actual custody of the proper officer" as designated by statute. *Greenwood v. State of N.Y., Office of Mental Health*, 842 F.2d 636, 639 (2d Cir. 1988) (citing *In re Gubelman*, 10 F.2d 926, 929 (2d Cir. 1925)); *see also Hakala v. J.P. Morgan Securities, Inc.*, 186 Fed. Appx. 131, 133 (2d Cir. 2006) (petition not deemed filed until received by the clerk's office). In order to establish the filing date of documents, the Clerk date stamps the documents when received, either at the filing window, or, if filed after hours, via a date and time stamper connected to a night depository box. *See Greenwood,* 10 F.2d at 639; *Etheredge-Brown v. Am. Media, Inc.*, 13 F. Supp. 3d 303, 306 (S.D.N.Y. 2014) ("A filing is presumed to be made on the date file-stamped by the Clerk; indeed, that is the purpose of file-stamping papers."); *see also* S.D.N.Y. Local Rule 1.2 ("Such papers will be considered as having been filed in the District Court as of the date stamped thereon, which shall be deemed presumptively correct.").

Hon. Lorna G. Schofield
December 3, 2014
Page 2

       Here, Plaintiff's letter and supporting declaration confirm that Plaintiff did **not** deliver "into the actual custody" of the Clerk the Original Complaint on December 31, 2013; rather, the Original Complaint was assertedly handed to a U.S. Marshal, which does not constitute "filing" under the Federal Rules of Civil Procedure or Second Circuit precedent. The docket and date-stamped filed copy of the Original Complaint both reflect that the Original Complaint was not delivered into "the actual custody" of the Clerk until January 6, 2014, which is — and should remain as — the filed date for the Original Complaint.

                                        Respectfully submitted,

                                        /s/ Rita M. Haeusler

                                        Rita M. Haeusler (*pro hac vice*)

cc: Deanna L. Baxam, Esq. (via ECF)